FILED

2010 APR -6 AM 10:58

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  MARK WINDSOR (No. 190589)
2  16 N. Marengo Street, Suite 300
   Pasadena, California 91101
3  Telephone (626) 792-6700
   Facsimile (213) 232-3609
4  windsorlaw@gmail.com
5  Attorney for Defendant, Victor Gomez-Ortiz

CV10-02482 CAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 04-1239-CAS -4 |
|---|---|
| Plaintiff, | ) NOTICE OF MOTION AND MOTION OF |
| | ) DEFENDANT GOMEZ-ORTIZ TO CORRECT |
| v. | ) SENTENCE PURSUANT TO 28 U.S.C. §2255 |
| VICTOR GOMEZ-ORTIZ | ) Date: April 26, 2010 |
| | ) Time: 1:30 p.m. |
| Defendants. | ) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED STATES OF AMERICA AND ITS ATTORNEYS AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that defendant VICTOR GOMEZ-ORTIZ, by and through his attorney of record Mark Windsor, and pursuant to 28 U.S.C. §2255, moves this Court to correct his sentence in the above referenced case. This motion is based upon the arguments below and upon such other items that may be presented to the court before the hearing and at the hearing on this matter.

1

MARK WINDSOR (No. 190589)
16 N. Marengo Street, Suite 300
Pasadena, California 91101
Telephone (626) 792-6700
Facsimile (213) 232-3609
windsorlaw@gmail.com
Attorney for Defendant, Victor Gomez-Ortiz

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. CR 04-1239-CAS** |
| ) | |
| Plaintiff, ) | **NOTICE OF MOTION AND MOTION OF** |
| ) | **DEFENDANT GOMEZ-ORTIZ TO CORRECT** |
| v. ) | **SENTENCE PURSUANT TO 28 U.S.C. §2255** |
| ) | |
| **VICTOR GOMEZ-ORTIZ** ) | Date: April 26, 2010 |
| ) | Time: 1:30 p.m. |
| Defendants. ) | |
| _____ ) | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED STATES OF AMERICA AND ITS ATTORNEYS AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that defendant VICTOR GOMEZ-ORTIZ, by and through his attorney of record Mark Windsor, and pursuant to 28 U.S.C. §2255, moves this Court to correct his sentence in the above referenced case. This motion is based upon the arguments below and upon such other items that may be presented to the court before the hearing and at the hearing on this matter.

1

**ARGUMENT**

**I.      INTRODUCTION**

This Court sentenced Mr. Gomez Ortiz for violating 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), conspiracy to distribute cocaine and possession of cocaine with intent to distribute. The Judgment and Commitment Order stated that Mr. Gomez-Ortiz shall spend 70 months in federal prison. The Order also stated that the federal sentence shall run concurrently with a state sentence that Mr. Gomez-Ortiz was serving for the Los Angeles County Superior Court, Case Number BA267759-03.

State authorities arrested Mr. Gomez-Ortiz for the state offense on July 3, 2004. On May 17, 2005, Mr. Gomez-Ortiz was convicted in state court for selling, transporting, or offering to sell cocaine, in violation of California Health and Safety Code § 11352. Los Angeles County Superior Court sentenced him to spend six years in state prison. California Department of Corrections took custody of Mr. Gomez-Ortiz on June 15, 2005.

While he was serving his state sentence, federal authorities took custody of Mr. Gomez-Ortiz, by writ, for this case on November 15, 2005. Federal authorities ultimately convicted Mr. Gomez-Ortiz and this Court sentenced him, as explained

above, on January 10, 2007. During the sentencing hearing, Mr. Gomez-Ortiz requested that the Court depart downward for the time that he had already spent in state custody, and subsequently in federal custody, awaiting the conclusion of this federal case. He was concerned that the Bureau of Prisons would not impose his federal sentence fully concurrently with his state sentence. The Court declined to depart, assuring Mr. Gomez-Ortiz that the Bureau of Prisons would properly calculate his sentence.

Federal authorities returned Mr. Gomez-Ortiz to state authorities on January 24, 2007 to serve the rest of his state sentence. On September 25, 2007, federal authorities took custody of Mr. Gomez-Ortiz to continue to serve his federal sentence. Mr. Gomez-Ortiz completed his state sentence on September 27, 2007, and remains in federal custody today.

The Bureau of Prisons has calculated that Mr. Gomez-Ortiz will be released on May 20, 2011. On May 25, 2008, Mr. Gomez-Ortiz filed a grievance with the Bureau of Prisons. Mr. Gomez-Ortiz requested that the Bureau follow this Court's Judgment and Commitment Order by: (1) imposing his state and federal sentences concurrently and (2) crediting his federal sentence with time spent in state and federal custody prior to his federal conviction. Mr. Gomez-Ortiz has exhausted all available administrative remedies with the Bureau.

## II. MR. GOMEZ-ORTIZ REQUESTS THAT THE COURT CORRECT HIS SENTENCE BY ADJUSTING IT FOR TIME THAT HE SPENT IN CUSTODY PRIOR TO HIS FEDERAL CONVICTION.

Federal law provides a remedy to an individual in custody serving a federal sentence which is subject to collateral attack:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This statute provides the "exclusive procedural mechanism" by which an individual may contest the legality of his sentence. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). It is only available to an individual who is in custody and claims the right to be released. *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002). Pursuant to the statute, the individual may challenge the manner in which the district court applied the Sentencing Guidelines to calculate his sentence. *See, e.g.*, *United States v. Guthrie*, 931 F.2d 564, 570-73 (9th Cir. 1991) (correcting a sentence under the guidelines on a § 2255 motion).

Even though the Guidelines are now advisory, they still remain central to the sentencing regime. *United States v. Booker*, 543 U.S. 220, 245 (2005). Specifically, the district court first considers the applicable guideline range, grounds for departure in policy statements, and factors outlined in 18 U.S.C. §

3553(a). *Rita v. United States*, 551 U.S. 338, 351 (2007). After calculating a sentence range, the district court may consider the sentencing requirements and options related to imprisonment under Chapter Five of the Guidelines. U.S.S.G. §1B1.1(h).

### A. MR. GOMEZ-ORTIZ IS ENTITLED TO AN ADJUSTMENT UNDER U.S.S.G. §5G1.3(B), WHERE THE BUREAU OF PRISONS WILL NOT CREDIT HIS FEDERAL SENTENCE WITH THE TIME THAT HE SERVED BEFORE HIS FEDERAL CONVICTION.

The Guidelines state that the Court must adjust a sentence for any period of imprisonment already served on the undischarged term of imprisonment, if the Court determines that the period will not be credited by the Bureau of Prisons. U.S.S.G. §5G1.3(b)(1). An adjustment under §5G1.3 is included in the initial calculation of the sentence. *United States v. Armstead*, 546 F.3d 1097, 1111-12 (9th Cir. 2008), *rehearing en banc denied by* 552 F.3d 769 (9th Cir. 2008). The adjustment is not a departure from the Guidelines; nor is it a credit against the minimum sentence. *United States v. Rivers*, 329 F.3d 119, 122 (2d Cir. 2002). Where the court declines to make the adjustment, the Court departs from the Guidelines and should adequately explain the reason for the deviation. *Armstead*, 552 F.3d at 784.

Application of §5G1.3(b)(1) is a matter for the Court, not the Bureau of

Prisons. *United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995); *see also United States v. Kiefer*, 20 F.3d 874, 875-76 (8th Cir. 1994). The court first applies §5G1.3 and other relevant sections of the Guidelines, before the Bureau may award credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Adjustment under §5G1.3 may be made, even if the resulting sentence falls below the mandatory minimum. *Drake*, 49 F.3d at 1441. Where it is clear that the Bureau would not fully credit Mr. Gomez-Ortiz's sentence for time that he had spent in custody for the undischarged state term, Mr. Gomez-Ortiz's sentence must be adjusted under U.S.S.G. §5G1.3(b)(1). *See, e.g., United States v. Knight*, 562 F.3d 1314, 1329 (11th Cir. 2009).

The Bureau is responsible for administering a defendant's sentence, which includes awarding credit for prior custody. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 335 (1992). The Bureau issues program statements which are internal agency guidelines for administering sentences. *See Reno v. Koray*, 515 U.S. 50, 60-61 (1995). These Guidelines limit the number of days granted for prior custody credit, where (1) federal and state terms are concurrent and (2) the date of release on the state sentence ("state raw EFT") is the same or before the date of release on the federal sentence ("federal raw EFT"). Bureau of Prisons, PS 5880.28, at 1-22 (Feb. 14, 1997). Prior custody credit is given only for time spent in presentence custody, beginning on or after the date of the federal offense, until

the date that the first state or federal sentence begins to run. Bureau of Prisons, PS 5880.28, at 1-22 (Feb. 14, 1997) (citing *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971)).

This Court sentenced Mr. Gomez-Ortiz to serve his state and federal sentences concurrently. Mr. Gomez-Ortiz's state raw EFT was May 17, 2011, while his federal raw EFT was October 10, 2012. The Bureau of Prisons followed its guidelines and only awarded Mr. Gomez-Ortiz presentence custody credit for time served between the date of his federal offense and the date that his state sentence began to run. Federal authorities charged Mr. Gomez-Ortiz on August 25, 2004, his state sentence began to run on May 17, 2005, and federal authorities convicted him on January 10, 2007. The Bureau's guidelines do not credit his sentence for the 604 days between his state conviction and his federal conviction. *See* Appendix A, Calculation of Gomez-Ortiz's Sentence. More significantly, Gomez-Ortiz spent 426 of these 604 days in federal prison, awaiting the conclusion of his federal case.

Ultimately, Section 5G1.3(b) operates as a safeguard to protect individuals from being subject to duplicative sentences for the same criminal conduct. *Witte v. United States*, 515 U.S. 389, 405 (1995); *United States v. Armstead*, 552 F.3d 769, 784 (9th Cir. 2008). It mitigates the possibility that two separate prosecutions for related conduct will grossly increase a defendant's sentence. *Witte*, 515 U.S. at

405. It has a particularly vital function where the Bureau's guidelines explicitly forbid the full award of credit for presentence custody and jeopardize the purpose behind the section. *See, e.g., United States v. Dorsey*, 166 F.3d 558, 564 (3d Cir. 1999).

The Bureau has not credited Mr. Gomez-Ortiz's 70 month federal sentence with more than 20 months that he had already spent in jail for his state offense and awaiting for his federal trial. The Court recognized that the Bureau should impose his state and federal sentences concurrently. However, the Bureau has failed to do so by not fully crediting his sentence because its program statements strictly forbid it. This problematic paradox is exactly the type of situation that §5G1.3(b) was designed to prevent. Ultimately, the district court has the authority to adjust a sentence under §5G1.3(b)(1). *United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995). Mr. Gomez-Ortiz requests that the Court adjust his sentence for the 604 days that he had already served prior to his conviction.

**B. AFTER HIS SENTENCE IS ADJUSTED, MR. GOMEZ-ORTIZ IS ENTITLED TO BE RELEASED FROM FEDERAL CUSTODY.**

The Bureau of Prisons currently projects that Mr. Gomez-Ortiz will be released from federal custody on May 20, 2011. After this Court adjusts his sentence under §5G1.3(b)(1) for 604 days, Mr. Gomez-Ortiz will be eligible for

8

1  release on September 23, 2009. *See* Appendix A, Calculation of Gomez-Ortiz's
2  Sentence. Mr. Gomez-Ortiz requests that the Court adjust his sentence and release
3  him from custody.
4
5
6                                Respectfully submitted,
7
8  Dated: April 1, 2010
9                                /s/
                                 MARK WINDSOR
10                               Counsel for Mr. Gomez-Ortiz

# APPENDIX A

# CALCULATION OF GOMEZ-ORTIZ'S SENTENCE

RELEVANT DATES

*Arrest by State Authorities* = 07/03/2004

*Date of Federal Offense* = 08/25/2004

*Conviction by State Authorities* (72 months with 318 days credit) = 05/17/2005

*Writ into Federal Custody* = 11/10/2005

*Conviction by Federal Authorities* (70 months concurrent) = 01/10/2007

*Returned to State Authorities* = 01/24/2007

*Transferred to Federal Authorities* = 09/25/2007

*Completed State Conviction* = 09/27/2007


DEFINITIONS

*Raw EFT* is the full term date of the sentence that does not include any time credit; it is calculated by adding the total length of the sentence to be served to the beginning date of the sentence. Bureau of Prisons, PS 5880.28, at 1-14 (Feb. 14, 1997).

*Qualified Non-Federal Presentence Credit* ("QNFPC") is the time spent in non-federal presentence custody from the date of the federal offense, that does not overlap any other authorized prior custody time credit, until the date the first sentence begins to run, federal or non-federal. Bureau of Prisons, PS 5880.28, at 1-14A (Feb. 14, 1997).

*Date of the Offense* is the date on which the criminal act takes place; the Bureau uses the date that is shown on the Judgment and Commitment Order. Bureau of Prisons, PS 5880.28, at 1-14A (Feb. 14, 1997).

*Willis Credits* are awarded for any time spent in non-federal presentence custody, beginning on or after the date of the federal offense, until the date that the first sentence begins to run, federal or non-federal; credit is awarded only if the federal and non-federal sentences have been imposed concurrently, and the raw EFT of the non-federal term is equal to or less than the raw EFT of the federal term. Bureau of Prisons, PS 5880.28, at 1-22 (Feb. 14, 1997); *see also Willis v. United States*, 449 F.2d 923 (5th Cir. 1971).

BUREAU OF PRISONS CALCULATION

The Bureau of Prisons calculated Mr. Gomez-Ortiz's credit based on Example No. 7, Bureau of Prisons, Program Statement 5880.28, at 1-22B (Feb. 14, 1997).

*Federal Raw EFT* = 01/10/2007 + 70 months = 11/10/2012

*State Raw EFT* = 05/17/2005 + 72 months = 05/17/2011

The Court imposed Mr. Gomez-Ortiz's state and federal to run concurrently. *See* **Exhibit 1**, Judgment and Commitment Order, January 10, 2007.

Mr. Gomez-Ortiz's state raw EFT (05/17/2011) is less than his federal raw EFT (11/10/2012).

Therefore, the Bureau of Prisons awarded Mr. Gomez-Ortiz *Willis* credits for the time he served in custody from the date of his federal offense until the conviction of his state offense. *See* **Exhibit 2**, Inmate Request to Staff Member Response/Records, February 7, 2008.

*Willis Credits*

[Date of Federal Offense] – [Date State Sentence Began to Run]

08/25/2004 – 05/17/2005 = 265 days

*Federal RAW EFT with Willis Credits*

[Federal Raw EFT] – [Willis Credits]

11/10/2012 – 265 days = 02/19/2012

*Good Conduct Time*

The Bureau also awards good conduct time ("GCT"). 18 U.S.C. § 3624(b); Bureau of Prison, Program Statement 5880.28, at 1-40 (Feb. 21, 1992). A prisoner may receive 54 days of credit for every year that he serves towards his sentence, if the prisoner complies with the disciplinary rules of the prison. 18 U.S.C. § 3624(b).

Assuming that Mr. Gomez-Ortiz complies with the prison's disciplinary rules, the Bureau projected that he will receive 274 days of credit total. *See* **Exhibit 3**, Bureau of Prisons, Sentence Monitoring (Feb. 7, 2008).

*Federal RAW EFT with Willis and GCT Credits*

[Federal Raw EFT] – [Willis Credits] – [GCT Credits]

11/10/2012 – 265 days – 274 days = 05/20/2011.

This calculation conforms with the date that the Bureau has calculated. *See* Attachment 2, Inmate Request to Staff Member Response/Records, February 7, 2008.

CALCULATION OF SENTENCE WITH §5G1.3 ADJUSTMENT

The court shall adjust for any period of imprisonment already served on an undischarged state term if the court determines that the period will not be credited by the Bureau of Prisons. U.S.S.G. §5G1.3(b)(1).

The Bureau does credit Mr. Gomez-Ortiz's sentence with time that he served for his state sentence. As explained above, this *Willis* credit includes 265 days that he served between the date of his federal offense (08/25/2004) and the date of his state conviction (05/17/2005).

However, Mr. Gomez-Ortiz also served time on his state sentence between the date of his state conviction (05/17/2005) and the date of his federal conviction (01/10/2007). The Bureau does not credit his sentence with this time.

*Number of Days Not Credited by the Bureau*

[Date of State Conviction] – [Date of Federal Conviction]

05/17/2005 – 01/10/2007 = 604 days

*With the §5G1.3 Adjustment, GCT, and Willis Credits, Mr. Gomez-Ortiz Is Entitled to Be Released*

[Federal RAW EFT with Willis and GCT Credits] – [§5G1.3 Adjustment]

05/20/2011 – 604 days = 09/23/2009

# United States District Court
# Central District of California

| UNITED STATES OF AMERICA vs. | | Docket No. | CR04-1239(A)-CAS | JS-3 |
|---|---|---|---|---|

Social Security No. 9 2 1 5 / 0 2 0 0 / 9 1 2 5 (Last 4 digits)

**Defendant** VICTOR GOMEZ-ORTIZ
akas: Victor Gomez, Victor Gomez Ortiz; Pana

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 01 | 10 | 2007 |

**COUNSEL**   [X] WITH COUNSEL   Mark Windsor, CJA, Appointed
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of  [X] **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Conspiracy to Distribute Cocaine in violation of 21 USC 846, 841(a)(1), 841(b)(1)(A), as charged in Count 1 of the First Superseding Indictment

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed on Count 1 of the First Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of: **Seventy (70) Months.** This sentence shall run concurrent to the sentence Gomez is currently serving for Los Angeles County Superior Court case no. BA267759-03.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, which is due immediately.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five (5) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;
2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one (1) drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, not to exceed eight (8) tests per month, as directed by the Probation Officer;
3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;
4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

## INMATE REQUEST TO STAFF MEMBER RESPONSE/RECORDS

NAME: GOMEZ-ORTIZ, Vicotr
REG #: 32422-112
DATE: 02-07-2008

This is in response to your request regarding your release date. Attached please find a copy of your sentence computation and the policy regarding prior custody time credit.

You were sentence on 01-10-2007, under Docket No. CR04-123(9)-CAS by Judge Snyder (70) months on Count 1 to run concurrent to the Los Angeles County Superior Court Case No. BA267759-03. The Pre-Sentence Investigative Report indicates you were arrested on 07-03-2004, by state authorities for 11352 H&S: (Sale/Transportation/Offer to Sell Cocaine). On 05-17-2005, you received a 6 year state prison sentence with credit for (318) days credited to your state sentence beginning on 07-03-2004 through 05-16-2005.

On 11-10-2005, the United States Marshals Service writted you out from Centinela State prison for the current federal charges. As previously stated you were sentence on the federal charges on 01-10-2007, to (70) months to run concurrent to your state sentence. You were returned back to state custody on 01-24-2007, to complete the state sentence. The state sentence was completed on 09-27-2007, and you were brought into federal custody on 09-25-2007, for continued service of the federal sentence.

Furthermore, Qualified State Presentence Credit in accordance to P.S. 5880.28 Sentence Computation Manual (CCCA of 1984) is; <u>Time spent in non-federal presentence custody from the date of the federal offense, that does not overlap any other authorized prior custody time credits, to the date the first sentence begins to run, federal or non-federal, is qualified non-federal presentence time.</u>

Therefore, the Willis credit that was applied to your federal sentence is from 08-24-2004 (Date of Federal Offense) through 05-16-2005 (Day before State Sentence began) for a total of (265) days. Your projected release date on this sentence is May 20, 2011, via Good Conduct Time Release.

R. Edwards, Records Supervisor

EXHIBIT 2

```
CALCW  540*23  *           SENTENCE MONITORING            *   02-07-2008
PAGE 001        *          COMPUTATION DATA               *   14:37:52
                           AS OF 02-07-2008

REGNO..: 32422-112  NAME: GOMEZ-ORTIZ, VICTOR

FBI NO............: 776514EC4
ARS1..............: CAL/A-DES                  DATE OF BIRTH: 11-20-1982
UNIT..............: UNIT N
DETAINERS.........: YES                        QUARTERS.....: N02-102U
                                               NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 11-20-2010

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-20-2011 VIA GCT REL

------------------------CURRENT JUDGMENT/WARRANT NO: 010 -------------------
COURT OF JURISDICTION...........: CALIFORNIA, CENTRAL DISTRICT
DOCKET NUMBER...................: CR04-1239(A)-CAS
JUDGE...........................: SNYDER
DATE SENTENCED/PROBATION IMPOSED: 01-10-2007
DATE COMMITTED..................: 10-25-2007
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                   FELONY ASSESS   MISDMNR ASSESS    FINES           COSTS
NON-COMMITTED.:    $100.00         $00.00            $00.00          $00.00

RESTITUTION...:   PROPERTY:  NO   SERVICES:  NO     AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -----------------------
OFFENSE CODE....: 391
OFF/CHG: 21:846,841(A)(1),841(B)(1)(A) CONSPIRACY TO DISTRIBUTE
         COCAINE (COUNT 1)

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: 70 MONTHS
TERM OF SUPERVISION............: 5 YEARS
DATE OF OFFENSE................: 08-25-2004




G0002      MORE PAGES TO FOLLOW . . .
```

EXHIBIT 3

```
CALCW   540*23 *          SENTENCE MONITORING        *    02-07-2008
PAGE 002        *          COMPUTATION DATA          *    14:37:52
                            AS OF 02-07-2008

REGNO..: 32422-112 NAME: GOMEZ-ORTIZ, VICTOR


-------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 11-19-2007 AT CAL AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-10-2007
TOTAL TERM IN EFFECT............:    70 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     5 YEARS      10 MONTHS
EARLIEST DATE OF OFFENSE........: 08-25-2004

JAIL CREDIT.....................:      FROM DATE    THRU DATE
                                        08-25-2004   05-16-2005

TOTAL PRIOR CREDIT TIME.........: 265
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 274
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 05-20-2011
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 02-18-2012

PROJECTED SATISFACTION DATE.....: 05-20-2011
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 10-26-07 COMP UNLOCKED BY DSCC.




G0002       MORE PAGES TO FOLLOW . . .
```

```
CALCW  542*22  *              SENTENCE MONITORING          *   02-07-2008
PAGE 001 OF 001 *               GOOD TIME DATA              *   14:37:33
                              AS OF  02-07-2008

REGNO...: 32422-112   NAME: GOMEZ-ORTIZ, VICTOR
ARS 1...: CAL A-DES                                    PLRA
COMPUTATION NUMBER..: 010                 FUNC..: PRT    ACT DT:
LAST UPDATED:  DATE.: 11-19-2007          FACL..: CAL      CALC: AUTOMATIC
UNIT................: UNIT N              QUARTERS............: N02-102U
DATE COMP BEGINS....: 01-10-2007          COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 265                 TOTAL INOP TIME.....: 0
CURRENT REL DT......: 12-26-2011 MON      EXPIRES FULL TERM DT: 02-18-2012
PROJ SATISFACT DT...: 05-20-2011 FRI      PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                     ACTUAL SATISF METHOD:
DAYS REMAINING......:                     FINAL PUBLC LAW DAYS:

-----------------------------GOOD CONDUCT TIME AMOUNTS--------------------------

    START       STOP      MAX POSSIBLE TO      ACTUAL TOTALS      VESTED    VESTED
    DATE        DATE      DIS       FFT        DIS       FFT      AMOUNT    DATE
  04-20-2006  04-19-2007   54        54
  04-20-2007  04-19-2008   54
  04-20-2008  04-19-2009   54
  04-20-2009  04-19-2010   54
  04-20-2010  04-19-2011   54
  04-20-2011  05-20-2011    4

    TOTAL EARNED AMOUNT..............................................:    54
    TOTAL EARNED AND PROJECTED AMOUNT................................:   274




G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
     CALCW  540*23 *                SENTENCE MONITORING            *    02-07-2008
     PAGE 003 OF 003 *              COMPUTATION DATA               *    14:37:52
                                   AS OF 02-07-2008

     REGNO..: 32422-112  NAME: GOMEZ-ORTIZ, VICTOR


     ------------------------------ CURRENT DETAINERS: ------------------------------
     DETAINER NO..: 001
     DATE LODGED..: 10-26-2007
     AGENCY.......: IMMIGRATION & NATURALIZATION
     CHARGES......: POSSIBLE DEPORTATION #A95689855




     G0000        TRANSACTION SUCCESSFULLY COMPLETED
```