**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| VICTOR GOMEZ-ORTIZ, | ) | Case No. CV 10-2482 CAS |
| Petitioner, | ) | CR 04-1239 CAS |
| | ) | |
| vs. | ) | ORDER DENYING  PETITIONER |
| | ) | GOMEZ-ORTIZ'S MOTION TO |
| | ) | CORRECT SENTENCE PURSUANT |
| UNITED STATES OF AMERICA, | ) | TO 28 U.S.C. § 2255 |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

## I.    INTRODUCTION & BACKGROUND

On April 6, 2010, petitioner Victor Gomez-Ortiz moved to correct his sentence pursuant to 28 U.S.C. § 2255.  Petitioner is currently serving a seventy month sentence following his January 10, 2007 conviction for conspiracy to distribute cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  Mot. at 2.  The Judgment and Commitment Order provides that petitioner's sentence run concurrently with the prior sentence petitioner received in Los Angeles County Superior Court.[1]  Id.

_____

[1] The Judgment and Commitment Order states:

(continued...)

Prior to his federal conviction, petitioner was convicted and sentenced to six years in state prison by the Los Angeles Superior Court on May 17, 2005 for selling, transporting, or offering to sell cocaine in violation of Cal. Health & Safety Code § 11352. Mot. at 2. Petitioner was sentenced to six years in state prison. Id.  Prior to his May 17, 2005 conviction in Los Angeles Superior Court, petitioner had been held in state custody for 265 days beginning on August 25, 2004. Id. at 7. On November 15, 2005, while he was serving his state sentence, federal authorities took petitioner into federal custody. Id. During the federal sentencing hearing, petitioner requested that this Court depart downward for the time that he had already spent in state custody and subsequently in federal custody while awaiting the conclusion of his federal case. Id. at 3.  However, this Court declined to depart downward, stating that the Bureau of Prisons ("BOP") would properly calculate his sentence. Id.

Following his federal conviction on January 10, 2007, federal authorities returned petitioner to state authorities, to serve the remainder of his state sentence, which he completed on September 27, 2007. Id. On September 25, 2007, federal authorities took petitioner into custody to serve his federal sentence. Id. Petitioner is presently incarcerated in a BOP facility in Texas. Opp'n at 1; see Declaration of Terrence P. Mann ("Mann Decl.") ¶ 3, Ex. B. The BOP has calculated that petitioner will be

---

[1](...continued)
Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed on Count 1 of the First Superceding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of: Seventy (70) Months.  This sentence shall run concurrent to the sentence Gomez is currently serving for Los Angeles County Superior Court case no. BA267759-03.

Ex. 1.

released on May 20, 2011.[2]  Mot. at 3.

Petitioner filed a grievance with the BOP on May 25, 2008, requesting that the BOP follow this Court's Judgment and Commitment Order by: (1) imposing his state and federal sentences concurrently, and (2) crediting his federal sentence with time spent in state and federal custody prior to his federal conviction.  Id.  Petitioner has exhausted all available administrative remedies with the BOP and filed the instant petition on April 6, 2010.  Id.  The government filed its opposition on June 4, 2010.  A reply was filed on June 24, 2010.  After carefully considering the arguments of the parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Sanders v. United States, 373 U.S. 1, 2 (1963).

## III.   DISCUSSION

Petitioner's motion is based on the theory that the BOP miscalculated his sentence by failing to credit his sentence for the approximately eighteen months, or 604 days, between when he was sentenced in state court on May 17, 2005 and his January 10, 2007 federal sentencing.  Mot. at 7.  Petitioner asserts that prior custody credit is given for time spent in presentence custody, beginning on or after the date of the federal offense, until the date that the first state or federal sentence begins to run.  Id. at 6-7.  According

---

[2] Because petitioner was sentenced on January 10, 2007 to 70 months in prison, his release date would be November 10, 2012.  However, because the BOP calculates 274 days of good conduct time and he has 265 days of prior custody credits (from August 24, 2004 through May 16, 2005), his release date would be May 20, 2011 (November 10, 2012 - 274 days - 265 days = May 20, 2011).

to petitioner, federal authorities charged him on August 25, 2004, his state sentence began to run on May 17, 2005, and he was convicted on the federal charges on January 10, 2007. Id. at 7. Petitioner argues that the BOP only awarded him with 265 days of presentence custody credit for time served between the date of his federal offense and the date that his state sentence began to run (August 25, 2004 – May 17, 2005 = 265 days), but that he should be credited for an additional 604 days between the dates of his state conviction and his federal conviction (May 17, 2005 – January 10, 2007 = 604 days). See id. at 7, 11, 13. Petitioner contends that because of the BOP's miscalculation, the Court must apply U.S.S.G. § 5G1.3(b)(1), which authorizes courts to adjust a sentence upon a finding that any period of imprisonment already served on the undischarged term of imprisonment will not be credited to the federal sentence by the BOP. Id. at 5. Petitioner contends that were the Court to credit petitioner for the 604 days, petitioner would have already been eligible for release on September 23, 2009 (May 20, 2011 – 604 days = September 23, 2009).[3]

The government responds that petitioner's motion is untimely if construed as falling under § 2255 because it was filed more than three years after petitioner's conviction became final when the statute of limitations for such petitions is one year. Opp'n at 4. Moreover, the government argues that petitioner's motion should be treated as a § 2241 habeas petition because it challenges the execution of petitioner's sentence. Id. at 2, 4. Lastly, the government argues that irrespective of these procedural defects, petitioner's motion is without substantive merit because it is not within the Court's discretion to determine the credit for prior custody, and moreover, the BOP's calculations are already consistent with the instructions the Court gave at petitioner's

---

[3] The May 20, 2011 date conforms with the date that the BOP has calculated. [Federal Raw EFT] – [Prior Custody Credit] – [Good Conduct Credits] November 10, 2012 – 265 days – 274 days = May 20, 2011 Mot. at 12; see Attachment 2, Inmate Request to Staff Member Response/Records, February 7, 2008.

1    sentencing hearing.  Id. at 2, 7-9.

2         The Court addresses each of the government's arguments in turn.

3         **A.    Timeliness of Petitioner's § 2255 Motion**

4         The government contends that petitioner's motion, as it is presently styled, is

5    time-barred under the Antiterrorism and Effective Death Penalty Act of 1996

6    ("AEDPA"), § 105, 110 Stat. 1214, 1220 (1996), which limits § 2255 motions to being

7    filed within one year from the date on which the judgment of conviction becomes final.[4]

8    Opp'n at 3.  Therefore, the government argues that petitioner's motion was untimely

9    because it was filed on April 6, 2010, more than three years after his conviction became

10   final on or about January 20, 2007.[5]  Id. at 4.

11        Petitioner concedes that he did not file the motion within the one year period as

12   required by § 2255(f), but argues that § 2255(a) would not permit him to do so.  Reply at

13   2.  Subsection (a) of § 2255 states:

14        A prisoner in custody under sentence of a court established by Act of Congress
          *claiming the right to be released* upon the ground that the sentence was imposed
15        in violation of the Constitution or laws of the United States, or that the court was
          without jurisdiction to impose such sentence, or that the sentence was in excess of
16

17   ────────────────

18        [4] Section 2255(f) provides that § 2255 motions must be filed within one year from
     the latest of:

19        (1) the date on which the judgment of conviction becomes final;

20        (2) the date on which the impediment to making a motion created by governmental
          action in violation of the Constitution or laws of the United States is removed, if the
21        movant was prevented from making a motion by such governmental action;

22        (3) the date on which the right asserted was initially recognized by the Supreme
          Court, if that right has been newly recognized by the Supreme Court and made
23        retroactively applicable to cases on collateral review; or

24        (4) the date on which the facts supporting the claim or claims presented could have
          been discovered through the exercise of due diligence.

25
          [5] A conviction becomes final when a defendant does not seek an appeal—that is, ten
26   days after the entry of judgment.  Mot. at 4; see Fed. R. App. P. 4(b); United States v.

27   Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2000).  Here, petitioner's entry of judgment was
     entered on January 10, 2007.  Therefore, his conviction became final ten days after entry
28   of judgment on January 20, 2007.

the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. (Emphasis added).

Petitioner argues that based on a plain reading of § 2255(a), a prisoner must be able to claim the right to be released as a condition precedent to filing a § 2255 motion. Id. at 3. Petitioner argues that in accordance with this reading, the statute of limitations for this motion did not begin to run until September 23, 2009, when he would have had the right to be released under U.S.S.G. § 5G1.3(b). Id. at 6. Thus, petitioner argues that his motion was timely because it was filed on April 6, 2010, well within the one year statutory period.[6] Id.

The Court find that the statute of limitations did not commence running until September 23, 2009, when petitioner discovered that he would not be released. Therefore, petitioner filed his motion within the one-year statutory limit, and his petition is timely.

**B.      Petitioner's Motion if Treated as a Petition Pursuant to § 2241**

The government argues that petitioner is challenging the execution of his sentence, and thus his argument must be addressed by a habeas petition under § 2241. Opp'n at 4. The government next asserts that "'[a] petition under § 2255 can test only the propriety of the sentence imposed, not the manner of execution." Id. at 5 (quoting United States v. Giddings, 740 F.2d 770, 771 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980)). Therefore, the government contends that petitioner's

---

[6] Moreover, in the alternative, petitioner argues that even if his motion was untimely, the Court may still toll the one-year limitation if (1) the petitioner has diligently pursued his or her rights and (2) extraordinary circumstances exist. Id. at 6; United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing Pace v. Diguelielmo, 544 U.S. 408, 416 (2005)). Petitioner argues that he has diligently pursued his rights under § 2255 because he has filed two grievance forms with the BOP, the first one being filed upon realizing problems with his federal sentence on December 11, 2007. Reply at 8. Moreover, petitioner argues that extraordinary circumstances exist in the present matter because according to petitioner, the BOP materially misled him into missing the deadline. Id. at 8.

argument is misplaced, and has also been brought before the wrong district court.  The government asserts that a habeas petition under § 2241 must be addressed to the district court that has jurisdiction over a defendant or his custodian.  Id. (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973)).  Consequently, the government argues that because petitioner is housed in the BOP Dalby Correctional Institution in Post, Texas in the Northern District of Texas, the motion must be denied because only the district court for the Northern District of Texas has jurisdiction to hear it.[7] Id. at 6 (citing Mann Decl. 3, Ex. B).

Petitioner responds that his petition should not be treated as a motion pursuant to § 2241 because he is not challenging the manner in which the BOP has executed his sentence, but rather how this Court imposed that sentence.  Reply at 10 (citing United States v. Dorsey, 166 F.3d 558, 564 (3d Cir. 1999) ("[T]here is no conflict between § 5G1.3 n.2 and section 3585(b) because a district court only awards credit when the BOP will not do so.")).

The Court finds that the petition was properly filed as a § 2255 motion because it challenges how this Court calculated petitioner's sentence rather than challenging the execution of his sentence.  Therefore, the Court will consider the merits of this petition.

**C.    Merits of Petitioner's § 2255 Motion**

The government argues that irrespective of the merits of defendant's argument,

---

[7] Section 2241(d), in relevant part, provides that:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

the Court does not have the discretion to intervene in the process of determining the credit for prior custody to which a defendant may or may not be entitled. Opp'n at 7. The government asserts that it is actually within the sole discretion of the Attorney General, through the BOP, to make this determination. Id. (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992) ("[O]nce a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); United States v. Lualemaga, 280 F.3d 1260, 1265 (9th Cir. 2002) ("The initial calculation [of credit for time served] must be made by the Attorney General acting through the Bureau of Prison.")).

Moreover, the government argues that pursuant to 18 U.S.C. § 3585(b), there is a statutory bar to defendants' receiving presentence credit for time spent in custody that has been awarded against any other sentence.[8] Opp'n at 8. The government asserts that § 3585(b) precludes petitioner from receiving credit for custody time prior to his federal sentencing because he was still receiving credit against his state sentence even after being transferred to federal custody. Id. Thus, the government argues that petitioner's federal sentence could only be concurrent with the remaining, unserved portion of his state sentence and that the BOP's calculation was therefore correct. Id. at 8-9 (citing Taylor v. Reno, 164 F.3d 440, 441 n.1, 445 (9th Cir. 1998)). Furthermore, the government contends that the BOP's calculations are consistent with the Court's intention that petitioner not receive a reduction of eighteen months off of his seventy

---

[8] 18 U.S.C. § 3585(b) provides that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

month concurrent sentence.[9]  Opp'n at 8.

Petitioner does not respond to these arguments in his reply.  See Reply.

The Court finds that petitioner's sentence was executed properly in accordance with this Court's Judgment and Commitment Order.  Section 2585(b) provides that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*."  (Emphasis added).  Petitioner may not receive credit for the 604 days he spent in state and federal custody from May 17, 2005 (the date he was sentenced for his state conviction) through January 10, 2007 (the date he was sentenced for his federal conviction), prior to his federal conviction because this time was served pursuant to his state sentence.  However, petitioner should receive credit for the time he spent in custody after committing his federal offenses but prior to his conviction for the state offense, which includes the 265 days that he served between August 25, 2004 and May 17, 2005.  Thus the BOP's calculation that petitioner should be released on May 20, 2011 is correct.[10]  Moreover, the Court already made clear at

_____

[9] At petitioner's federal sentencing hearing, defense counsel initiated the following discussion:

> MR. WINDSOR: . . . I think the intent of the Court and probation is, that he receive an, effectively, a reduction of 18 months in federal sentence, and why don't we just do the sure way and accomplish it that way.
>
> THE COURT: I don't think it's my intention to see that he receives a reduction of 18 months off of 70 months.  I mean, we have a plea agreement.  We have, as they say, a finding of safety valve eligibility and the circumstances that I just think work very much in favor of your client, and I do think that this was the intention of the government in asking for the 70 months, and I don't think it's unreasonable in this circumstance.  I really don't.

Opp'n at 9 (quoting RT 1/10/07: 14).

[10] [Federal Raw EFT] – [Prior Custody Credit] – [Good Conduct Credits]
November 10, 2012 – 265 days – 274 days = May 20, 2011
Mot. at 12, see Attachment 2

(continued...)

petitioner's federal sentencing hearing that petitioner should not receive a reduction of eighteen months off of his seventy month concurrent sentence, meaning that petitioner's federal sentence (January 10, 2007) cannot be backdated to begin at the same time as the first state sentence (May 17, 2005), for which petitioner seeks a credit of 604 days. Accordingly, the Court DENIES petitioner's motion to correct his sentence.

**IV.    CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES petitioner's motion to correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.


IT IS SO ORDERED


Dated: August 26, 2010

_____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

---

[10](...continued)